No. 25,434.

JOHN HAGGART, *Appellee*, v. J. P. WHEELER *et al.*, Defendants (JOHN A. ROGERS and PHIL J. COOK, *Appellants*).

SYLLABUS BY THE COURT.

1. JUDGMENT QUIETING TITLE—*Publication Service—Application to Open Judgment—Oil and Gas Lease—Lessee in Default—No Grounds to Open up Judgment.* An application under section 60-2530 of the Revised Statutes to open a judgment, rendered on service by publication, quieting the title of a landowner against the holder of a twenty-year oil and gas lease, should be denied where the lease provided that drilling should be commenced in the community within two years from the date of the lease and where the tendered answers did not show that any attempt had been made to drill on the land or in the community and where seventeen years had elapsed since the lease was given.

2. SAME—*Action to Quiet Title—Maintainable Against Holder of Oil and Gas Lease.* An action to quiet title against the holder of an oil and gas lease may be maintained by the owner of the land under section 60-1801 of the Revised Statutes.

3. SAME—*Owner of Land Not Estopped to Maintain Action to Quiet Title.* An owner of land is not estopped to maintain an action to quiet his title against an oil and gas lease given by him where·he subsequently gives another oil and gas lease to other parties.

4. SAME—*Oil and Gas Lease—Breach of Terms of Lease by Lessees.* An owner of land may maintain an action to quiet his title against a twenty-year oil and gas lease which does not specifically provide for the commencement of drilling operations upon the land within any specified time, but does provide that drilling shall be commenced in the community within two years after the date of the lease and no effort is made to drill on the land or in the community for a period of seventeen years.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed October 11, 1924. Affirmed.

*F. Dumont Smith,* of Hutchinson, and *E. P. Villiepigue,* of Wichita, for the appellants.

*Grover Pierpont, George Gardner,* and *Warren F. Wattles,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to quiet title to real property. Service was by publication, and judgment by default was rendered in favor of the plaintiff. Within the time allowed by law, defendants John A. Rogers and Phil J. Cook filed their notices and applications to open the judgment and be allowed to defend under section 60-2530 of the Revised Statutes. The applications to open the judgment were denied, and John A. Rogers and Phil J. Cook appeal.

1. Were the answers sufficient to compel the court to set aside the judgment? Each of the answers in substance alleged that on December 8, 1903, the plaintiff granted to J. P. Wheeler a license and exclusive right to enter upon and explore the real property in controversy for oil and gas, and that J. P. Wheeler assigned to John A. Rogers and Phil J. Cook each a one-half interest in the lease, a copy of which was attached to each of the answers. The lease provided that the lessee should have and hold the premises for the purposes provided in the lease for and during twenty years from its date. The lease also provided that drilling should be commenced within two years from the date of the lease somewhere in the community, and that if the lessee should fail to comply with the requirements of the lease it should be null and void and not binding on either party. There was no allegation in either of the answers that drilling had been commenced or attempted to be commenced anywhere in the community.

The action was commenced December 20, 1920, more than seven-

teen years after the date of the lease; and so far as the answers showed, nothing had been done under the lease. In *Cole v. Butler,* 103 Kan. 419, 173 Pac. 978, it was held that—

"An implied condition was that operations should be begun within a reasonable time.

"Failure to begin operations for thirteen of the twenty years' duration of the lease, with a failure to show any intent or purpose to operate, entitle the plaintiffs to a decree of cancellation."

In the opinion, the court said:

"It is now thoroughly settled law that such instruments carry the implied condition that operations shall be begun within a reasonable time." (p. 421.)

A number of Kansas cases are there cited to support the rule declared.

To have stated a defense to the action, the answers should have shown that the lessee, or John A. Rogers and Phil J. Cook, the assignees thereof, had made a *bona fide* attempt to commence drilling operations under the terms of the lease. That was not done, and for that reason, the answers did not state a defense to the cause of action set out in the petition.

2. The form of action is questioned. It is contended that the action in substance was one to cancel an oil and gas lease, and that service by publication could not be had for such a purpose. On this ground the jurisdiction of the trial court was challenged in the answers. The action was one to quiet title. Of that, the court had jurisdiction. Section 60-1801 of the Revised Statutes reads:

"An action may be brought by any person in possession by himself or tenant of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest."

2 Bouvier, 1530, defines an incumbrance as follows:

"Any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistently with the passing of the fee."

A number of definitions of "incumbrance" are found in 4 Words & Phrases, 3519, and the following pages, and in 2 Words & Phrases, 2d series, 1018, and the following pages. Numerous illustrations are there given of what constitutes an incumbrance, all in harmony with the definition given in Bouvier.

In *Clark v. Fisher,* 54 Kan. 403, 38 Pac. 493, this court said that:

"An incumbrance may be defined to be 'every right to or interest in the

land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.' An outstanding lease is an incumbrance." (Syl.)

An incumbrance on land is such an estate or interest therein as is contemplated by section 60-1801 of the Revised Statutes. It is not necessary to define the interest of the defendants in the real property in controversy in this action. Whatever that interest is, it is adverse to the plaintiff, and the plaintiff in an action to quiet title can have that interest determined.

3. Sometime previous to the commencement of this action, but after giving the lease mentioned, the plaintiff gave to other parties another oil and gas lease. Defendants Rogers and Cook contend that the latter lease prevented them from going upon the land to drill for oil and gas. If the lease held by Rogers and Cook were valid and binding, the lease given subsequently ·was subordinate thereto and could not interfere with the right of Rogers and Cook to commence drilling operations under the lease· held by them.

4. The appellants contend that their failure to commence operations under the lease, if there was such a failure, was in the nature of a breach of an implied covenant, and that the lease will· not be canceled for a breach of such a covenant. The trouble with the argument of the appellants is that the lease provided that drilling should be commenced within two years from its date somewhere in the community. No such drilling was alleged to have been commenced. The lease could have been canceled for failure to commence such drilling operations. In *Mills v. Hartz,* 77 Kan. 218, 94 Pac. 142, a gas, oil, and coal lease for twenty years and as much longer as either gas, oil, or coal could be found in paying quantities was involved. It was there held that—

"In a suit to cancel the lease, that it contemplated early exploration and operation, and a failure on the part of the lessee to begin operations for a period of about seven years is equivalent to a surrender by the lessee and gave the lessor the right to treat the contract as abandoned." (Syl.)

In 2 Thornton on the Law of Oil and Gas, section 856, this language is found:

"If the lessee abandon the object for which the lease was granted,—as where he fails to explore for gas or oil, as the lease grants him permission to do, the lessor may bring an action to cancel the lease, as a cloud upon his title."

The appellants contend that their answers complied with the statutes, and that the oil and gas lease did not convey an interest

in the land, and for that reason an action to quiet title would not lie. Both of these matters have been determined by what has been said in this opinion and need not be further discussed.

The judgment is affirmed.