No. 18,617.

ELLA C. WHEELAND et al., *Appellants*, v. THE FREDONIA GAS COMPANY, *Appellee*.

HEADNOTE BY THE REPORTER.

FAILURE TO DEVELOP GAS LAND—*Damages—Competent Evidence*. In an action for failure to develop land under a gas lease evidence of experts in oil territory who are able to furnish reasonable estimates from producing wells in the locality of what a certain territory will produce is competent evidence. All the business of leasing lands for development is based upon the opinions of those engaged in the business as to the value of the tracts for that purpose and is competent evidence.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed April 11, 1914. Reversed.

P. C. Young, of Fredonia, for the appellants.
J. T. Cooper, of Fredonia, for the appellee.

*Per Curiam:* In 1904 the appellants owned a 180-acre tract of land in Wilson county and leased the same to the Fredonia Gas Company to be developed for oil and gas.   One-eighth of the oil produced was to go to the appellants as royalty and $100 per year was to be paid for each gas well while used, with gas for domestic purposes of the landowner.   Shortly after the making of the lease in question the appellee sunk a well on the premises, in which a large volume of gas was found. Gas was first marketed from the well in 1910 and thereafter the $100 per year for the well was paid.

This action was brought for failure to develop the land, a trial was had and evidence was produced.   Under these conditions it was impossible for the appellants, there being no further development of the land, to prove the actual amount of damages they had suffered. The nature of the case is such that it is impossible to tell what a well will develop until it is sunk, and yet experts in oil territory are able to furnish reasonably accurate estimates of what a certain territory will produce, estimating from producing wells in the locality.   This the appellants did in this case.   The appellee demurred to their evidence and the court sustained the demurrer.   There was evidence tending to show that the one well was not sufficient development to protect the land from the gas being drawn from it by wells on adjacent lands.

There was also evidence that an officer of the appellee had promised some months after the making of the lease to put down more wells.   While this is not a part of the contract, it is of value as the evidence of one engaged in the business as to whether the land could be developed for gas profitably.   And besides the evidence of other witnesses introduced, all the circumstances tend to show that not only the appellants but the appellee and others acquainted with the situation

regard the right of appellee on the land as valuable and the failure to develop a damage to appellants.

In the case of *Wheeland v. Gas Co.*, 82 Kan. 862, 108 Pac. 187, which was between the same parties, plaintiffs and defendant, as this action, and the controversy was over the same lease of land, the object of the plaintiffs therein was to *set aside* the lease for the alleged reason that the defendant had failed to properly develop the tract leased and to protect it from being drained by wells on adjacent tracts. In opposition thereto, the defendant urged that the lease was valuable and that if the defendant had failed to develop or protect the leased tract, the remedy of the plaintiff was in damages and not by forfeiture of the lease. On that theory it secured a judgment partially in its favor.

In the case of *Howerton v. Gas Co.*, 82 Kan. 367, 108 Pac. 813, it was said:

"Adhering to the decision on a former hearing (*Howerton v. Gas Co.*, 81 Kan. 553, 106 Pac. 47) that the contract contemplated that other wells should be drilled with reasonable diligence to utilize this lease, it is further held, that the burden of proof is upon the plaintiff to show that a remedy in damages is not an adequate remedy for the failure of the lessee to proceed to drill other wells to protect the land from drainage and to obtain gas therefrom." (Syl. ¶ 1.)

The plaintiff in this action followed the procedure indicated by these decisions and offered the only evidence possible to establish a claim for damages, to wit: the opinions of experts. To say that the evidence in this case did not furnish a reasonable basis for estimating damages is to override the reasoning of all these cases. All the business of leasing lands for development is based upon the opinions of men engaged in the business as to the value of the tracts leased for that purpose and it is competent evidence; although it is impossible thereby in a particular case to show the exact amount of damage which has been suffered, it is sufficient to

School District v. McCurley.

enable a jury to estimate the damages and to find accordingly.

The judgment is reversed and the case is remanded with instructions to overrule the demurrer and proceed with the trial.