No. 27,584.

The Uhrich Millwork, Limited, a Copartnership, etc., *Appellant*,
v. The J. B. Brewster Company, a Copartnership, etc., *Appellee*.

(261 Pac. 561.)

SYLLABUS BY THE COURT.

Damages—*Uncertainty as to Measure or Extent—Delay in Furnishing Building Material.* In making proof of damages sustained by a contractor because of the failure of a subcontractor to furnish his part of the material for the construction of a building at the agreed time, estimates of period of such delay and of expenses of help needed and retained during such delay are competent evidence to assist and enable the jury to determine the extent of such damages.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed December 10, 1927. Affirmed.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey*, all of Independence, for the appellant.

*Charles D. Welch*, of Coffeyville, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: Uhrich Millwork, Ltd., a subcontractor, sued J. B. Brewster Company, the contractor, for balance of the contract price for millwork furnished by plaintiff to defendant for the construction of the junior high-school building at Independence. The contract between them was oral, and they differed as to the amount of it by $1,050, the plaintiff maintaining it was $13,850 and the defendant, $12,800. Other items of difference were mentioned in the petition, but they are not material to this case. The defendant filed a general denial and a cross petition claiming damages, first, for defective glazing of certain windows, requiring an expenditure on his part of $165.80 to put them in proper shape to meet the specifications, and second, $2,500 damages for delay in the furnishing of the millwork for the building, alleging that such delay amounted to a period of not less than sixty days in finishing the building. The reply was a general denial. Upon the trial to a jury the issues were by agreement reduced to three propositions, as follows:

"(1) The question of the contract price for the material furnished by appellants, appellants claiming the contract price was $13,850. The appellees claimed the contract price was $12,800.

Damages, 17 C. J. pp. 756 n. 69, 761 n. 92, 1027 n. 90.

"(2) The question of whether or not appellees should have damages in the sum of $165.80 for the reglazing of certain windows.

"(3) The amount of damages, if any, appellees should be allowed against appellants on account of the alleged failure of the appellants to furnish the millwork on time and in accordance with the contract as alleged by appellees."

It was further understood that the last issue also contained the question of the time and manner required by the contract for the furnishing of the millwork. The jury found for the defendant in the sum of $1,575, and returned the following special findings of fact:

"1. Do you find that the plaintiffs agreed with the defendant to furnish the millwork for the junior high school on time, and as and when needed by the defendant in the construction of said building? A. Yes.

"2. If you answer the above question 'yes,' do you find that the plaintiffs furnished all of said millwork on time, and as they had agreed? A. No.

"3. If you find that the plaintiffs did not furnish all of said millwork on time, do you find that the defendant was delayed thereby in completing said building? A. Yes.

"4. Do you find that the plaintiffs were notified by the architect in charge or his superintendent to deliver said millwork to said building? A. Yes.

"5. If you answer the above question 'yes,' please state approximately when said notice was given. A. About September 1, 1922.

"6. If you answer question No. 4 'yes,' then for how long thereafter, if any, did the plaintiffs delay the delivery of said millwork? A. Sixty days.

"7. Do you find that the president of the board of education, at the request of Brewster, urged plaintiffs to deliver said millwork? A. Yes."

The court approved the verdict and rendered judgment in favor of defendant and against plaintiff for $1,575. Plaintiff appeals, and urges four assignments of error: First, requiring plaintiff on cross-examination to give amount of his former bid for the same work; second, permitting defendant to prove damages by estimating the period of delay and estimating the salaries and other cost and expense of such delays; third, failing to give certain general instructions to the jury; and fourth, talking before the jury about appointing a referee to save the time of the court.

When it is observed that plaintiff had already testified as to his estimates for the bid at the January meeting of the board of school directors being substantially the same as those for the December meeting, with some few additions, there was nothing seriously wrong in inquiring of him on cross-examination more particularly about those estimates and the total thereof or the bid made a month before. This was proper cross-examination.

The proving of damages by the defendant by estimating the ex-

· tent of the delay in finishing the building and estimating the amount of such damages by enumerating the salaries of necessary parties kept on the job that much longer and the inefficiency of the carpenters in going from one job or one place to another on that account is seriously criticized, and some very strong and pertinent authorities are cited in that connection. Appellant finds fault with the method used to establish damages in this case and calls attention to the necessary uncertainty therein involved, but nowhere shows how defendants could have proceeded otherwise and properly.

"It is not a sufficient reason for disallowing damages claimed that a party can state their amount only proximately; it is enough if from proximate estimates of witnesses a satisfactory conclusion can be reached. It is sufficient if there is 'such certainty as satisfies the mind of a prudent and impartial person.'" (17 C. J. 761.)

"The rule against the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent. In other words, the rule against uncertain or contingent damages applies only to such damages as are not the certain results of the breach, and not to such as are the certain results but uncertain in amount." (17 C. J. 756.)

In a Kansas case where a purchaser of corn in the field for feed for his cattle was wrongly deprived of the use of such feed it was held:

"Where shocked corn is purchased to be fed to a herd of cattle, and it is subsequently wrongfully destroyed by the vendor at a time when feed of that character cannot be obtained in that section of the country, the wrongdoer is liable, not only for the property destroyed, but also for the direct and immediate consequences of the wrongful destruction of the corn." (*Enlow v. Hawkins,* 71 Kan. 633, syl. ¶ 2, 81 Pac. 189.)

In another case, where there was a failure to develop an oil lease as per agreement, the damages of necessity had to be estimated by those familiar with the oil business from the surrounding circumstances, and the court said:

"To say that the evidence in this case did not furnish a reasonable basis for estimating damages is to override the reasoning of all these cases. All the business of leasing lands for development is based upon the opinions of men engaged in the business as to the value of the tracts leased for that purpose and it is competent evidence; although it is impossible thereby in a particular case to show the exact amount of damage which has been suffered, it is sufficient to enable a jury to estimate the damages and to find accordingly." (*Wheeland v. Gas. Co.,* 92 Kan. 50, 52, 139 Pac. 1010.)

In the opinion in the case of *Culbertson v. Cement Co.,* 87 Kan. 529, 125 Pac. 81, it was said:

"It is conceded that absolute accuracy of measurement could not be attained, but taking, the situation as it was, it appears- that the-.best .evidence obtainable·was produced, and it further appears to have been sufficiently definite' and reliable to warrant the findings made." (p. 534.)

We think the estimation of .the reasonable expense of the delay occasioned a contractor by the failure of a subcontractor to deliver the material he was to furnish at the time specified is competent evidence to establish the extent of the damages sustained by such delay.

As to the failure of the court to give certain general instructions to the jury, we cannot say that such failure constituted error, however appropriate they may 'appear to be, without knowing just what ·were given which may have been intended to cover the same ground.

We see no prejudicial error in the remarks of the trial court as to the appointment of a referee. The remarks were possibly made to generate an increased speed in the trial. On the whole record we find no 'reversible error.

. 'The judgment is affirmed.