CHRISTIE, MITCHELL & MITCHELL COMPANY, Inc., et al., Appellants,

v.

Willard E. HOWELL, Appellee.

No. 16329.

Court of Civil Appeals of Texas.

Fort Worth.

July 13, 1962.

Rehearing Denied Sept. 14, 1962.

Sewell & Forbis, Decatur, Paul A. Smith, Vinson, Elkins, Weems & Searls and Tarlton Morrow, Houston, for appellant.

Paul Donald and Joe H. Cleveland Bowie, for appellee.

BOYD, Justice.

Willard E. Howell recovered judgment for damages occasioned by drainage of oil and gas from a tract of land on which Christie, Mitchell & Mitchell Company, Inc., and others, held an oil and gas lease, and for cancellation of the lease on a portion of the tract should the defendants fail to drill a well thereon within sixty days from the date of the judgment. The defendants appeal.

Appellants' lease covered an 83 acre tract in Wise County. There was a producing well on the north portion of the tract. Appellants refused appellee's demand to drill on the south portion, claiming that a well there would not produce oil or gas in paying quantities.

The jury found that 8,845 barrels of oil had been drained from the south 40 acres of the tract by production through wells other than the well on the north 40 acres; it was found that 17,685,000 cubic feet of gas had been so drained from the 40 acre tract; and it was also found that appellants failed to develop the lease in question in the manner which a reasonably prudent operator would have done under the same or similar circumstances by not drilling on or before July 24, 1959, a well on the south 40 acres of the tract. Judgment was rendered for appellee for $2,986.-20 based on the findings of oil drainage and $221.06 on the findings as to gas, and cancelling the lease on the south 40 acres unless drilling operations thereon are commenced within 60 days.

Appellants requested submission of an issue as to whether it was impossible to ascertain the damages for failure to drill on the south 40 acres, which was refused, and they contend that since it was not found that such damages were impossible of ascertainment the judgment for conditional cancellation cannot be sustained. They further insist that the evidence failed to support the findings of damages for the

drainage, and that such findings are against the overwhelming weight of the evidence.

■ We think there was evidence of probative force from which the jury could reasonably estimate the amount of oil and gas which had been drained from appellee's land, and that the findings are not against the great weight and preponderance of the evidence. It may be conceded that the damages cannot be ascertained to a certainty. But certainty is not required in such situations.

■ We are of the opinion that the court erred in refusing appellants' request that the jury be required to find whether damages for failure to develop the lease were impossible of ascertainment, and that in the absence of such finding the conditional judgment of cancellation was not warranted. Failure reasonably to develop will authorize cancellation of a lease where there is no adequate remedy at law. The lessor's remedy for such failure is ordinarily an action for damages. It is only in extraordinary situations, where there is no legal remedy, that courts will decree a forfeiture of a lease, or a part thereof, for violation of an implied covenant properly to develop the premises after oil or gas may have been discovered and produced. Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464; W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Merrill's Covenants Implied in Oil & Gas Leases, § 103, p. 246; Summers Oil and Gas, Perm.Ed., Vol. 3, p. 2, "Remedies of the Lessor for Non-Development". Conceivably, there could be a case where from the record the reviewing court could hold that it conclusively appeared that damages could not be ascertained with the degree of certainty required in such situations. But we cannot say that this is such a case. The jury found, and we think there was support for such finding, that a reasonably prudent operator would have further developed the lease; and appellee alleged that his "remedy under the law for breach of the implied covenant to drill

wells to develop the lease and to prevent drainage by offset wells is an action for damages; plaintiff says that on a trial of this case on the merits he will establish beyond a reasonable doubt the amount of oil that a well drilled on the South part of his acreage would have produced since it should have been drilled in 1956," and that his damages for such failure to drill was $7,500.00. Appellee did not ask for any finding on that issue, or a finding that damages could not be proved in any reasonable way.

In Kansas, where the doctrine of conditional cancellation was chiefly developed, we find illustrations of the application of the rule.

In Wheeland v. Fredonia Gas Co., 92 Kan. 50, 139 P. 1010, the court said: "All the business of leasing lands for development is based upon the opinions of men engaged in the business as to the value of the tracts leased for that purpose, and it is competent evidence; although it is impossible thereby in a particular case to show the exact amount of damage which has been suffered, it is sufficient to enable a jury to estimate the damages and to find accordingly."

We quote from Howerton v. Kansas Natural Gas Co., 82 Kan. 367, 108 P. 813, 34 L.R.A.,N.S., 46: "Upon a review of the findings of the district court, and of the evidence, upon which the conclusions of law of that court were based, we now hold that the plaintiff failed to show, as he was required to do in order to obtain equitable relief, that damages would not afford an adequate remedy. The default consisted in the failure to properly develop the leased territory by drilling and operating a reasonable number of wells necessary for that purpose, and the failure to market gas and make the payments, stipulated for the well completed. No reason is shown why witnesses of experience, acquainted with the gas field, may not testify with reasonable accuracy as to the number of wells which should have been drilled on

the leased land both for protection from drainage by neighboring leaseholds and to obtain the gas underneath the land. No insurmountable obstacle to such proof is perceived by the court, and, in the absence of evidence that it cannot be produced, it is concluded that the plaintiff is not entitled to a remedy by forfeiture or cancellation of the lease. This conclusion is supported by Harris v. Ohio Coal Co., 57 Ohio St. 118, 48 N.E. 502, cited in the first opinion, and other adjudicated cases which have followed that decision. It needs no authority, however, to support the proposition that, if there is an adequate remedy in damages, no other relief can be obtained. The burden was upon the plaintiff to show either by the nature of the case, or by proper evidence, that such damages could not be ascertained with reasonable certainty. Failing in this, the judgment of cancellation cannot be sustained."

The judgment for damages for drainage is affirmed; but that part of the judgment decreeing cancellation upon failure to drill on the south forty acres within 60 days is reversed and remanded.

Affirmed in part and in part reversed and remanded.