Cole v. Butler.

---

No. 21,646.

DAVID O. COLE and MINNIE COLE, *Appellees,* v. J. H. BUTLER, *Appellant.*

SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Not Without Consideration.* The lease described in the opinion is held not to be void for want of consideration.
2. SAME—*Fulfillment of Conditions.* The plaintiffs' title is such that they may require the fulfillment of the express and implied conditions of the lease.
3. SAME—*Commencement of Operations.* An implied condition was that operations should be begun within a reasonable time.
4. SAME—*Forfeiture by Lessee—Right of Cancellation.* Failure to begin operations for thirteen of the twenty years' duration of the lease, with a failure to show any intent or purpose to operate, entitle the plaintiffs to a decree of cancellation.
5. SAME—*Damages—Attorney's Fee.* The judgment for damages and attorney's fee was in accordance with the statute. (Gen. Stat. 1915, § 4994.)

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed July 6, 1918. Affirmed.

L. P. *Brooks,* of Cherryvale, for the appellant.

C. O. *Buckles,* of Chanute, and J. A. *Ferrell,* of Sedan, for the appellees.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from an order sustaining a demurrer to his answer, and from the judgment entered against him for $100 damages and $50 attorney's fee, in an action to cancel a gas lease. The Doughertys, in 1903, made a gas and oil lease to J. H. Butler for 20 years, which gave full rights to explore for gas and other mineral, to erect sufficient equipment to take care of any product, to lay a pipe line or remove the product by any reasonable method. It provided that gas would be furnished free of charge at well for residence located upon the land, for domestic use for three stoves and ten lights when gas should be developed on the land. Butler conveyed to Booth, Booth to Axtell, and Axtell to the plaintiffs. The verified amended answer alleged that the lease was filed for record August 1, 1903; that in a deed to Booth the Doughertys "excepted from the provision of such deed all the rights of the defendant lessee"; that Booth conveyed to Axtell "reserving from such deed the rights of such lessee"; that Axtell conveyed to plaintiff by warranty deed "excepting one certain gas and oil lease given to J. H. Butler dated January 18, 1903"; and that the plaintiffs had full knowledge of all the terms and conditions of the lease prior to their purchase of the land, as shown by letter attached to the answer. The answer admitted that no work or developments of any kind had ever been undertaken under the lease; that the plaintiffs had served notice that they elected to declare it forfeited and void, and demanded that it be released of record; and it was further admitted that neither the plaintiffs nor the grantors had received any rentals or royalties from the lease. The court sustained a demurrer to this answer and entered judgment against the defendant for $100 damages and $50 attorney's fee; the plaintiff having alleged damages in the sum of $100, that a reasonable attorney's fee was $100, and asking judgment for both. The petition to set aside the lease was based on the ground that no work or developments had been undertaken, and that the lease was

without consideration, unfair, unjust, and unconscionable. It is said in the brief:

"The consideration consists of a promise to furnish gas if it is found on the leased land; it is like a promise to pay $100 for the lease, provided the lessee should find that amount of money in the road. Certainly, the appellant, by his admissions, has established beyond the question of a doubt the absolute want of consideration in this lease."

It can hardly be said that the lease was without consideration, for if operations had been begun within a reasonable time they would have been rightful and authorized by the lease itself. The amended answer enlarged the effect of the exception clause in the plaintiffs' deed, which, as appears by the copy set out, was merely an exception of the lease in the covenants against incumbrances. An exception of the "rights of the lessee" merely amounts to a lease subject to such rights, and it must be concluded that the plaintiffs stand in. the lessors' shoes and have a right to require the defendant to carry out the express and implied provisions of the lease. It is now thoroughly settled law that such instruments carry the implied condition that operations shall be begun within a reasonable time. (*Mills v. Hartz,* 77 Kan. 218, 94 Pac. 142; *Howerton v. Gas. Co.,* 81 Kan. 553, 106 Pac. 47; Id. 82 Kan. 367, 108 Pac. 813; *Collins v. Oil & Gas Co.,* 85 Kan. 483, 118 Pac. 54; *Day v. Pipe Line Co.,* 87 Kan. 617, 125 Pac. 43; *Wheeland v. Gas Co.,* 92 Kan. 50, 139 Pac. 1010; *Alford v. Dennis,* 102 Kan. 403, 170 Pac. 1005.)

In certain instances, as in the Howerton case and in *Alford v. Dennis,* when the question is one of pursuing operations already begun, and the injury caused by abandoning such operations can reasonably be shown, the recovery of damages, instead of cancellation, is deemed the proper relief. But when, as in the case before us and in *Mills v. Hartz,* supra, there is no attempt or apparent intention of beginning operations, the lease may be canceled as a mere cloud on the title.

Under the pleadings and facts apparent therefrom, nothing had been done under the lease for thirteen of its twenty years' duration, neither was there any intent or disposition indicated to do anything. This situation entitles the plaintiff to a decree of cancellation.

The parties seem to have acted under the provisions of sec-

tions 4992-4995 of the General Statutes of 1915, relating to the record, forfeiture, and surrender of oil and gas and other mineral leases. Section 4994 provides that in an action to obtain a release the plaintiff "may also recover in such action . . . the sum of one hundred dollars as damages, and all costs, together with a reasonable attorney's fee for preparing and prosecuting the suit, and he may also recover any additional damages that the evidence in the case will warrant." This means that a judgment for the plaintiff includes as a matter of course one hundred dollars damages and a reasonable attorney's fee (which the court is competent to fix), and it would seem, therefore, that the trial court merely followed the statute so far as these matters are concerned.

Indeed there is nothing in the brief of the defendant to indicate a contrary view on his part, the argument presented by both sides being addressed to the right to decree cancellation.

The judgment is affirmed.