McCarney v. Freel.

---

No. 26,377.

AMANDA E. McCARNEY, *Appellee*, v. DANIEL H. FREEL et al., as FREEL AND COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

MINES AND MINERALS—*Oil and Gas Lease—Expiration of Fixed Term—Partial Cancellation for Failure to Develop*. The lessee of a quarter section of land under an oil and gas lease for ten years, and as much longer as mineral could be produced in paying quantities, drilled one producing oil well and one dry hole. After expiration of the definite term the district court canceled the lease, except as to a tract sufficient to operate the producing well. *Held*, the judgment was correct.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 12, 1926. Affirmed.

*Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellants.

*S. H. Piper*, of Independence, for the appellee.

Mines and Minerals, 40 C. J. pp. 1090 n. 67, 1093 n. 90.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel an oil and gas lease. Plaintiff prevailed, and defendants appeal.

The lease was dated June 15, 1912, and embraced a quarter section of land. The term was for ten years, and as much longer as oil or gas could be produced in paying quantities. In October, 1912, a well was drilled which produced and still produces oil in paying quantities. In November, 1917, a dry hole was drilled. No further effort has been made to develop the oil and gas resources of the land, although numbers of producing wells have been drilled and are in operation on all the surrounding land. Plaintiff's evidence warranted the inference that defendants have not reasonably developed her land, and have no present intention to do so. The defense stated in the answer was that development of the land surrounding plaintiff's quarter section was such that further drilling on her tract was not warranted. The testimony in support of the defense was, a man would not be justified in drilling any more wells on plaintiff's land. The court canceled the lease, except as to a tract having a radius of 200 feet surrounding the producing well.

The judgment was correct, whether based on plaintiff's or on defendants' theory of the case. A lessee may not hold an entire quarter section of land with a single producing well after expiration of term, any more than he may do so before expiration of term. The implied covenant fairly to exhaust capability of the land to produce mineral, subsists. If the undeveloped portion of the land will not produce mineral in paying quantities, and the lessee would not be justified in drilling more wells, he may not continue to hold by virtue of a provision in the lease extending the term so long as oil or gas may be produced in paying quantities.

The judgment of the district court is affirmed.