No. 38,116

REYNOLDS CURTIS CHRISTIANSEN, LEONARD EARL CHRISTIANSEN, MELVIN CHARLES CHRISTIANSEN, HENRY LANGREHR, FERN ALBERTA NOLTE, THELMA MAE LANGREHR, a minor, by and through her father, natural guardian, and next friend, Henry Langrehr, PATRICIA JOAN APPEL, a minor, by and through her father, natural guardian, and next friend, Ben Appel, DORA CHRISTIANSEN, and JOSEPHINE BURRHENN, *Appellants*, v. VIRGINIA DRILLING COMPANY, INC., a corporation; MAGNOLIA PETROLEUM COMPANY, a corporation; and SAM MURPHY, *Appellees*.

(226 P. 2d 263)

-Opinion
filed January 6, 1951.

*Charles E. Jones,* of Wichita, argued the cause, and *Everett Garvin* and *Morris Garvin,* both of St. John, *Mark H. Adams, William I. Robinson, J. Ashford Manka,* and *Addison I. West,* all of Wichita, were with him on the briefs for the appellants.

*George B. Collins,* of Wichita, argued the cause, and *C. L. Williams, O. H. Hughes,* and *W. R. Martin,* also of Wichita, were with him on the briefs for appellees Virginia Drilling Company, Inc., and Sam Murphy, and *W. F. Lilleston, George C. Spradling, Henry V. Gott,* and *George Stallwitz,* all of Wichita, were on the briefs for appellee Magnolia Petroleum Company.

The opinion of the court was delivered by

KAGEY, J.: This is an action for damages for trespass to real estate. The lower court sustained defendants' motions for judgment on the pleadings, which were by the court and parties to the action treated as demurrers; hence this appeal.

Briefly, the facts as admitted by the parties are as follows: Appellants are the owners, as tenants in common, of the east half of section 15, township 21 S, range 12 W of the 6th P. M. in Stafford county, Kansas. Appellants' predecessors in title, on August 9, 1938, executed a Form 88 (Producers) Oil and Gas Lease covering the mentioned real estate to Magnolia Petroleum Company as lessee, which lease was duly recorded in Stafford county. The lease was for a term of ten years from the date of the lease, and as long thereafter as oil and gas should be produced from said premises. Prior to the expiration of the lease primary term, an oil and gas well, producing oil and gas in commercial quantities, was drilled and completed on a twenty acre location in the south twenty acres of the southeast quarter of the southeast quarter of the mentioned real estate.

On November 9, 1948, appellants notified Magnolia Petroleum Company (the then owner of the lease) by letter that the above described oil and gas lease was forfeited for nondevelopment inso-

far as said lease covered the property first above described, except as to the south twenty acres next above described upon which there was a producing oil and gas well. This notice was received by Magnolia Petroleum Company on or before November 16, 1948, and when more than sixty days had elapsed after said date, appellants followed the procedure prescribed by G. S. 1935, 55-201:

On January 21, 1949, notice in the statutory form was given to Magnolia Petroleum Company by publication, which publication notice was given for three consecutive weeks in a newspaper of general circulation in Stafford county, and proof thereof was made;

On February 11, 1949, more than twenty days after the first publication of said notice, appellants filed with the Register of Deeds of Stafford county an affidavit setting forth that they were owners of the land described; that Magnolia Petroleum Company had failed, neglected and refused to comply with the terms of said lease insofar as it covered said real estate for failure to develop; that previous notice of forfeiture was given to Magnolia Petroleum Company, said affidavit containing a copy of the original letter of forfeiture dated November 9, 1948, as well as a copy of the original publication dated January 20, 1949, and proof thereof showing the manner and time of service of such notice;

Thirty days from the date of filing of the mentioned affidavit having expired and no notice in writing to the contrary having been given to the Register of Deeds by Magnolia Petroleum Company or its assigns, said affidavit was duly recorded in the office of the Register of Deeds. Thereafter, and on or about April 26, 1949, the appellee Virginia Drilling Company, Inc., entered the northeast quarter of the lease in question, and drilled an oil and gas test well which resulted in a dry hole.

On August 11, 1949, appellants filed their action for damages for trespass against appellees jointly. Magnolia Petroleum Company denied any trespass or that it was jointly engaged with or as an agent of appellee Virginia Drilling Company, Inc. Appellee Sam Murphy filed a similar answer to that of Magnolia Petroleum Company. Appellee Virginia Drilling Company, Inc., filed an answer admitting the entry, but alleging that its entry was authorized pursuant to the oil and gas lease hereinbefore mentioned, which was in full force and effect, and that under date of January 28, 1949, a certain written agreement was entered into between it and Magnolia Petroleum Company providing for the assignment and transfer of said leasehold estate insofar as the same covers the northeast quarter of section 15, subject to certain conditions including an overriding royalty reservation to Magnolia Petroleum Company; that it entered upon the premises and carried on drilling operations for a test well for oil and gas under said contract which resulted

in a dry hole. Appellants filed a reply alleging that the oil and gas lease was forfeited and terminated as to all property except the twenty acres developed, by statutory procedure prescribed under G. S. 1935, 55-201. Appellees each filed a motion for judgment on the pleadings. The motions of appellees were by the court and by stipulations of the parties treated as demurrers. The trial court sustained appellees' motions for judgment on the pleadings and from that ruling appellants come here and assign as error three separate specifications:

1. That the court erred in holding that appellants did not under G. S. 1935, 55-201, forfeit and terminate the existence of the oil and gas lease which is the subject of this action.

2. That the court erred in sustaining the motions of appellees Virginia Drilling Company, Inc., and Sam Murphy for judgment on the pleadings.

3. That the court erred in sustaining the motion of Magnolia Petroleum Company for judgment on the pleadings.

The specified errors resolve themselves into one question: Were the proceedings followed by appellants under G. S. 1935, 55-201 sufficient as a matter of law to cancel the undeveloped portion of the lease in question for failure of appellees to comply with an implied covenant to diligently explore for oil and gas on the undeveloped portion of the premises?

The pertinent portions of G. S. 1935, 55-201 read:

"When any oil, gas or other mineral lease . . . *shall become forfeited* it shall be the duty of the lessee . . . or assigns, . . . within sixty days after the date of the forfeiture . . . to have such lease surrendered in writing . . . and placed on record in the county where the leased land is situated without cost to the owner thereof: *Provided,* That if the said lessee . . . or assigns, shall fail or neglect to execute and record such surrender within the time provided . . . the owner of said land may serve upon said lessee . . . or assigns . . . by publication for three consecutive weeks in a newspaper of general circulation in the county where the land is situated, a notice in writing in substantially the following form:

" 'To_____: I, the undersigned, owner of the following described land situated in _____ county, Kansas, to wit: (description of land) upon which a lease, dated ____ day of _____ 19___, was given to _____, do hereby notify you that the terms of said lease have been broken by the owner thereof, that I hereby elect to declare and do declare the said lease forfeited and void and that, unless you do, within twenty days from this date, notify the register of deeds of said county as provided by law that said lease has not been forfeited, I will file with the said register of deeds affidavit of forfeiture as provided by law; and I hereby demand that you execute or have executed a proper surrender of said lease and that you put

the same of record in the office of the register of deeds of said county within twenty days from this date.

"Dated this _____ day of _____, 19____ _____,' And the owner of said land may after twenty days from the . . . first publication of said notice file with the register of deeds . . . an affidavit setting forth, that the affiant is the owner of said land; that the lessee or his . . . assigns, has failed and neglected to comply with the terms of said lease, reciting the facts constituting such failure; that the same has been forfeited and is void; and setting out in said affidavit a copy of the notice served . . . the manner and time of the service thereof. If the lessee . . . or assigns, shall within thirty days after the filing of such affidavit give notice in writing to the register of deeds . . . that said lease has not been forfeited and that said lessee . . . or assigns, still claim that said lease is in full force and effect, then the said affidavit shall not be recorded but the register of deeds shall notify the owner of the land of the action of the lessee . . . or assigns, and the owner of the land shall be entitled to the remedies now provided by law for the cancellation of such disputed lease. If the lessee . . . or assigns, shall not notify the register of deeds, as above provided, then the register of deeds shall record said affidavit, and thereafter the record of the said lease shall not be notice to the public of the existence of said lease or of any interest therein or rights thereunder, and said record shall not be received in evidence in any court of the state on behalf of the lessee . . . or assigns, against the lessor . . . or assigns." (Italics supplied.)

Appellees admit for purposes of this appeal that appellants followed strictly the statutory procedure above described.

The lease which is the subject of this action was a regular form 88 producer's oil and gas lease, and contained no written covenant to diligently develop for oil and gas except the provision that a well should be commenced on or before a certain date or a specified rental should be paid in lieu thereof. Notwithstanding the absence of a written covenant to further develop, it is the general rule and law in this state that a lease carries with it an implied covenant on the part of the lessee to exercise due diligence in drilling whatever additional wells may be necessary to fully develop the leased property (*McCarney v. Freel*, 121 Kan. 189, 246 Pac. 500; *Greenwood v. Texas-Interstate P. L. Co.*, 143 Kan. 686, 56 P. 2d 431; *Myers v. Shell Petroleum Co.*, 153 Kan. 287, 110 P. 2d 810; *Fischer v. Magnolia Petroleum Co.*, 156 Kan. 367, 133 P. 2d 95).

Appellants contend that the quoted statute is applicable to and can be used with respect to any oil and gas lease or undeveloped portion thereof where it is claimed to be forfeited for any reason whatsoever, including forfeitures for failure to comply with implied

covenants. Appellees contend the legislature in using the words "shall become forfeited" intended that the statute apply only to a lease which has been lost or forfeited by operation of law through a penalty which is self-executing, such as expiration of the primary term, or cessation of production after the primary term, all due to the operation of expressed covenants in the lease.

An examination of the mentioned statute will disclose that it is a forfeiture statute, penal in nature. It is a generally accepted rule of law that forfeitures are not favored; they are considered harsh exactions, odious and to be avoided when possible. A statute imposing a forfeiture should be construed strictly and in a manner as favorable to the person whose property is to be seized as is consistent with fair principles of interpretation. Courts will not search for a construction to bring about a forfeiture, nor will a constrained construction be indulged in order to create a forfeiture. For a statute to be construed so as to work a forfeiture, its language must clearly show such an intent, and forfeiture is never to be inferred from doubtful language. Courts will not force upon a forfeiture statute a construction which amounts to a reading into the law provisions not inserted therein by the legislature. (37 C. J. S. 8 to 10; 23 Am. Jur. 601-602.)

No contention is made by appellants that the lease in question became forfeited by reason of any of its expressed terms. Appellants contend that this lease became forfeited by virtue of the failure of lessee to develop the remaining acreage under an implied covenant.

A reading of the statute discloses that the title to the act refers to the duty of a lessee to have a *forfeited* lease released, and the body of the act refers to a lease which *shall become forfeited.* The act makes no mention of a partial forfeiture of a lease. It is apparent that before the proceedings may be used under the statute, the lease must have become forfeited by a breach of its expressed terms. Therefore, the lessor who seeks relief, whether in law or equity, for breach of an implied covenant to develop, must show that the covenant has been breached and that the lease has become forfeited in whole or in part, before he is entitled to follow the procedure prescribed by the mentioned statute. In *Tamsk v. Continental Oil Co.,* 158 Kan. 747, 150 P. 2d 326, we held that the statute provides a procedure whereby a landowner may clear his title of the cloud on it caused by a lease that has been forfeited. In order for the sections to apply, however, it must appear that the

lease has become forfeited. Until that happens, there is no occasion for the procedure provided in the statute.

This court in the case of *Fischer v. Magnolia Petroleum Co.,* supra, passed on the question of what showing was necessary in order to warrant cancellation of a lease for breach of an implied covenant to develop, and there stated that a lessor who alleges breach of an implied covenant to develop has the burden of showing, by substantial evidence, that the covenant has been breached. He must prove that the lessee has not acted with reasonable diligence under the facts and circumstances of the particular situation. Neither the lessor nor the lessee under an oil and gas lease is the sole judge of what constitutes prudent development of the tract. Whatever would be reasonably expected of operators of ordinary prudence, having regard for the interests of both lessor and lessee, is what is required.

Proof of a breach of an implied covenant to reasonably develop involves the consideration of evidence on a broad range of facts and sometimes in a technical field and is a matter to be determined under proper proceedings seeking cancellation in a court of law or equity and is never self-executing, and cannot be supplanted by an affidavit such as used by appellants under G. S. 1935, 55-201. There can be no breach of an implied covenant in a lease until there has been a judicial determination thereof and there has been none in this case. In the lower court, plaintiffs filed an action for damages in trespass against defendants; defendants answered setting up the lease; plaintiffs replied, alleging the proceedings under the above mentioned statute as the *only* reason for forfeiture, no request being made in the lower court for cancellation. Appellants would, therefore, have the court partially cancel this lease without any judicial proceedings or determination or request therefor.

Instances are rare where equity will enforce a forfeiture for breach of an implied covenant; it will never do so where less drastic redress will satisfy the demands of justice, and forfeitures of oil and gas leases for breach of implied covenants are seldom decreed, and never arbitrarily. (*Alford v. Dennis,* 102 Kan. 403, 170 Pac. 1005; *Greenwood v. Texas-Interstate P. L. Co.,* supra, and cases therein cited.)

Appellants rely in this appeal on four cases which we will hereinafter discuss. *Cole v. Butler,* 103 Kan. 419, 173 Pac. 978, was an action commenced to cancel a gas lease. Nothing had been done under the lease for a thirteen-year period, and there was no intent

or disposition indicated to do anything. The court held that under the circumstances of the particular case, the failure to begin operation of a well for thirteen years or to show any purpose or intent to operate entitled plaintiff to a decree of cancellation of the lease as a mere cloud on the title.

The case of *Elliott v. Oil Company*, 106 Kan. 248, 187 Pac. 692, was an action brought to cancel an oil and gas lease for failure to pay rent, for nonproduction, abandonment of producing operations, and failure to drill offset wells as provided in the lease. The court held that the lease terminated by its expressed terms.

The case of *Mollohan v. Patton*, 110 Kan. 663, 202 Pac. 616, was an action brought to have a lease declared forfeited and to recover damages and attorney fees, for refusal to release it of record, for the failure to comply with the expressed terms of the lease in diligently drilling the initial well, resulting in its abandonment.

In the case of *Nigh v. Haas*, 139 Kan. 307, 31 P. 2d 28, cancellation of the lease was upheld. There a part of the lease was assigned and the lands covered by the assignment were not developed. Although demand was made for development of the remainder, nothing was done. Ten years after the lease was given, the landowner gave notice as provided by statute that the lease was cancelled on the undeveloped land. Later another lease was made on this part of the land and operations under it were successful. Assignees of the original lease then asserted claims. This court in affirming the trial court's judgment quieting title against the original lessees held that they abandoned the lease on the tract in question when they segregated it by assignment of a part of their lease and by refusal to drill on it for about fifteen years. Moreover, we said in the Nigh case that we were not called on to pass on whether proceedings under the statute would be sufficient alone to cancel the lease in question, and the question in the instant case was not therein discussed or determined.

From an examination of the foregoing decisions, it is apparent that all were equitable actions brought by the lessor for cancellation for failure to comply with expressed provisions in the lease or for failure to comply with terms of the drilling agreement providing for forfeiture, or for actual abandonment or failure to pay rentals when due and in none of the foregoing cases was there a forfeiture for failure to comply with an implied covenant to develop an undeveloped portion of an oil or gas lease as a matter of law by the filing of an affidavit as provided for in G. S. 1935, 55-201.

The legislature in enacting G. S. 1935, 55-201 did not intend to endow the lessor of an oil and gas lease with the power to arbitrarily forfeit a lease in whole or in part for violation of an implied covenant therein.

The judgment of the lower court is affirmed.

HARVEY, C. J., concurring specially:

I concur in the opinion written for the court and wish only to stress more definitely a point referred to therein. Our statute (G. S. 1935, 55-201) provides a method to have surrendered an oil and gas lease which has become forfeited. Nothing in it pertains to the forfeiture of a part of the acreage of a lease which has been partially developed. The statement in the dissenting opinion of Mr. Justice Wedell, to the effect that it is conceded the statute was fully complied with, appears inaccurate in that it is too broad. It is true notices were given and other steps taken as outlined in the statute, but the notices did not pertain to the surrender or forfeiture of the lease. Indeed, that was carefully avoided. They related only to a specifically described portion of the leased property. The statute does not authorize that.

An owner of real property leased for oil and gas, where the lessee has partially developed the property, but not as fully as the owner thinks should be done, is not without remedy. He may take the proper steps and proceed in a court of equity for a decree requiring further development of the property or a partial cancellation of the lease.

WEDELL, J. (dissenting): This appeal presents primarily the question of the purpose and function of G. S. 1935, 55-201. It is conceded the landowners complied fully with the statute and that in addition, and some considerable time prior to instituting the procedure thereunder, they notified the Magnolia Petroleum Company in writing the lease was forfeited, except as to the twenty acres on which production was had. The letter further reads:

"Said owners hereby demand a release of the non developed portion of said lease be filed by you in the office of the Register of Deeds of Stafford County, Kansas."

Seven days later Magnolia answered that letter as follows:

"Gentlemen:

"This is to acknowledge receipt of your letter of November 9 regarding the above captioned lease. This has been referred to our Geological Department

for recommendation and you will be notified as to our position in the near future."

Contrary to this letter the landowners were never notified of Magnolia's decision. Over two months later the landowners first published the statutory notice of forfeiture of the lease. The foregoing facts are all admitted by the motion for judgment on the pleadings.

Before discussing the purpose and function of the statute I desire to state briefly my views on a few other subjects covered by the opinion. I have always adhered to the principle that neither the lessor nor the lessee, in the absence of stipulation, is the sole arbiter of what constitutes diligent exploration or development of a lease. (*Myers v. Shell Petroleum Corp.*, 153 Kan. 287, 295, 110 P. 2d 810.) I also admit a breach of an implied covenant ordinarily does not justify an automatic forfeiture of an oil and gas lease.

The cancellation of a lease pursuant to the provisions of G. S. 1935, 55-201, however, cannot possibly be termed an automatic forfeiture. In order to obtain cancellation of the lease the landowner is compelled to follow strictly the procedure prescribed in the statute. Under it the lessee may compel a judicial determination of the question whether the lease actually has been forfeited. The statute specifically grants the lessee the right to deny the lease has been forfeited and when he does so, as provided in the statute, no cancellation of record results and the landowner is again relegated to the statutory remedy of an action in court to establish the forfeiture of the lease by proof. Manifestly such a statutory procedure does not constitute automatic forfeiture.

I am also obliged to disagree with the view that cancellation of a lease on the ground it has become forfeited for violation of an implied covenant to explore and develop can be obtained only by judicial action. If that is the rule then our previous interpretation of G. S. 1935, 55-201, is wrong. This court has uniformly approved the operation of this statute and has applied it where the implied covenant to explore and develop the entire lease was squarely involved. (*Nigh v. Haas*, 139 Kan. 307, 313, 31 P. 2d 28.)

This brings me to the true purpose of the statute. As I understand it the statute, as a result of various amendments, was enacted in order to provide an inexpensive and prompt method whereby a landowner may clear the cloud on the title to his land as against a lease which *he claims* has become forfeited and that he may ob-

tain such cancellation pursuant to the statute in the event the lessee does not dispute the landowner's claim of forfeiture. (*Elliott v. Oil Co.*, 106 Kan. 248, 187 Pac. 692; *Mollohan v. Patton*, 110 Kan. 663, 202 Pac. 616; *Nigh v. Haas*, 139 Kan. 307, 312, 31 P. 2d 28.) The history of legislation leading to the enactment of this statute and its purpose has been treated in these cases and need not be repeated.

To hold the statute does not apply to a lease where a dispute exists as to whether it has become forfeited, either by its express terms or otherwise, and that it applies only to a lease which has become forfeited on its face as a matter of law or by judicial decree, emasculates the statute. Obviously if a lease has been canceled by judicial decree there is no need for the statute. The statute in order to be effective of necessity must include leases relative to which a dispute exists as to whether they have become forfeited. This has been our interpretation of the statute. In construing the statute this court in *Mollohan v. Patton*, supra, said the statute requires " . . . affirmative action on the part of the lessee to prevent the discharge of the *challenged lease*." (Our italics.) (p. 666.) This court did not say, "to prevent the discharge of a *forfeited lease*." The language of the Mollohan opinion was quoted with approval in *Nigh v. Haas*, supra, p. 314. See, also, earlier cases cited in the Mollohan case.

Moreover, the statute itself discloses it applies to leases where the question of forfeiture *is in dispute*. In providing the action which the landowner may take if the lessee denies the forfeiture, the statute reads:

". . . the register of deeds shall notify the owner of the land of the action of the lessee, his successors or assigns, and the owner of the land shall be entitled to the remedies now provided by law for the cancellation of such *disputed lease*." (Our italics.)

That a lease may become forfeited by reason of failure to comply with the implied covenant of diligent exploration and development must be, and is, conceded by all the parties. There is no basis in the language of this statute for excluding from its operation forfeitures resulting from a violation of implied covenants. The lawmakers did not make such a distinction and courts are not permitted to legislate by reading exceptions into it. The statute pertains to leases which "shall become forfeited." In the absence of restrictive language that means forfeited for any reason.

In a declaratory judgment action this court, as previously stated,

held the statute was applicable to a partial forfeiture of the lease claimed by reason of failure to comply with the implied covenants to explore and develop the entire lease where only a certain assigned portion thereof had been developed. (*Nigh v. Haas*, supra.)

Although the opinion does not directly so state it clearly contains an intimation the statute does not apply to the instant case for the reason the landowners did not attempt to obtain a release of the *entire lease* and that the statute makes no mention of a partial forfeiture. In fairness to counsel for appellees it should be stated they *do not make such a contention*. Furthermore, as stated, this court has not so construed the statute.

True, some of the facts in *Nigh v. Haas*, supra, were not precisely the same as in the instant case. In that case the lessee assigned the lease. The assignee retained a part of it and assigned the remainder to another. The part such assignee retained was not developed. The proceeding for cancellation under G. S. 1935, 55-201 pertained only to the latter undeveloped portion of the original lease. The contention against forfeiture of that part of the lease was that the development of the other portion thereof was sufficient to keep the entire lease in effect. This court rightly renounced the contention by concluding that a development which is insufficient to ascertain what oil and gas is contained under the entire lease does not constitute proper development of the lease. It also said the statute was enacted to meet situations just such as those there presented and further found the notice of forfeiture pursuant to the statute was sufficient to cancel the undeveloped portion of the lease. I shall not labor the point.

Limitations of time prevent a discussion of other cases. I pause, however, to observe that in consideration of the motion for judgment on the pleadings the record was not limited to the mere statutory procedure under the forfeiture statute but in addition thereto Magnolia had prior personal notice of the landowners' claim of forfeiture, after expiration of the primary term of the lease, was served with a demand to release the undeveloped portion of the lease and did nothing whatever about it.

We are not concerned with the wisdom of the forfeiture statute. That is a legislative function. There are parts of the statute which experience in the practice has led me to believe should be improved. It has seemed to me the statute should provide for direct service on the lessee or his statutory designated agent of the proceedings for forfeiture filed by the landowner with the register of

deeds but obviously that is not the question presently before us. As previously indicated this court has uniformly approved the operation of the statute as it now exists. Our problem, therefore, is to again declare the legislative will and to make it effective. It is my opinion the statute was intended to be operative in a situation such as obtains here and that such a conclusion is in harmony with the legislative intent and our past decisions.

SMITH, J., concurs in the dissent.