The TAURUS CORPORATION, a Wyoming Corporation, Plaintiff and Appellant,

v.

ROMAN YOURK EQUITY PURE TRUST, Roman Yourk, Trustee, Defendant and Appellee,

and

N. R. G. Company, Defendant.

Civ. 9421.

Supreme Court of North Dakota.

March 30, 1978.

Rehearing Denied April 13, 1978.

Schlosser & Schmitz, Bismarck, for plaintiff and appellant; argued by Orell D. Schmitz, Bismarck.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellee; argued by John L. Sherman, Dickinson.

ERICKSTAD, Chief Justice.

This is an appeal by The Taurus Corporation, a Wyoming corporation, plaintiff and appellant (hereinafter Taurus), from a summary judgment granted by the Billings County District Court, quieting title to certain land in Billings County in Roman Yourk, trustee of the Roman Yourk Equity Pure Trust, defendant and appellant (hereinafter Yourk).

1. "47–16–36. *Duty of lessee to have terminated or forfeited lease released—Publication notice—Affidavit to be recorded—Notice to real property owner—Remedies.*—When any oil, gas or other mineral lease heretofore or hereafter given on real property situated in any county of North Dakota and recorded therein shall terminate or become forfeited it shall be the duty of the lessee, his successors or assigns within fifteen days after the date of the termination or forfeiture of any such lease, to have such lease surrendered in writing, such surrender to be signed by the party making the same, acknowledged and placed on record in the county where the leased real property is situated without cost to the owner thereof. If the said lessee, his successors or assigns, shall fail or neglect to execute and record such surrender within the time provided for, then the owner of said real property may serve upon said lessee, his successors or assigns of record, in person or by registered or certified mail, at his last known address, or if the post-office address is not shown of record then by publication for three consecutive weeks in a newspaper of general circulation in the county where the real property is situated, a notice in writing in substantially the following form:

This appeal concerns the proper construction of Section 47–16–36, N.D.C.C. That section basically establishes a procedure in which recorded oil, gas and other mineral leases can, in effect, be removed from the record by the lessor. Section 47–16–36, N.D.C.C., requires that the lessor serve the lessee with a notice substantially in the form set out in the statute. The lessee then has a period of time in which to give notice in writing to the register of deeds of the county where the real property is located that the lease has not been forfeited. If the lessee complies with the statute and gives the proper notice, the lessor is entitled to the remedies provided by law to cancel the disputed lease. If, on the other hand, the lessee does not give the notice within the required time, the lessor can file with the register of deeds an affidavit setting out the facts required by the statute. This affidavit is then recorded by the register of deeds and thereafter the record of the lease will not be notice to the public of the existence of the lease. The record of the lease then also cannot be received in evidence in any court of this state on behalf of the lessee, his successors or assigns against the lessor, his successors or assigns.[1]

"To _____: I, the undersigned owner of the following described land situated in _____ county, North Dakota, to wit: (description of land) upon which a lease dated _____ day of _____ 19____, was given to _____ do hereby notify you that such lease has terminated or become forfeited by breach of the terms thereof, that I hereby elect to declare and do declare the said lease forfeited and void and that, unless you do, within twenty days from this date, notify the register of deeds of said county as provided by law that said lease has not been forfeited, I will file with the said register of deeds affidavit of forfeiture as provided by law, and I hereby demand that you execute or have executed a proper surrender of said lease and that you put the same of record in the office of the register of deeds of said county within twenty days from this date.

"Dated this _____ day of _____ 19____ _____.

"The owner of said real property may after twenty days from the date of service, registration, or first publication of said notice, file with the register of deeds of the county where said real property is situated an affidavit setting forth, that the affiant is the owner of said real property, that the lease has terminated or that

The facts relevant to this appeal are not in dispute.

On February 23, 1977, Yourk executed an oil and gas lease in favor of Taurus which Taurus caused to be recorded in the office of the register of deeds of Billings County. On May 5, 1977, Yourk sent to Taurus by certified mail, notice in the manner and form prescribed by Section 47–16–36, N.D.C.C., claiming the oil and gas lease had been terminated and been forfeited by reason of the failure of Taurus to pay any consideration therefor. This notice was received by Taurus at its offices in Casper, Wyoming, on May 7, 1977. On May 26, 1977, Yourk caused an affidavit made in accordance with the provisions of Section 47–16–36, N.D.C.C., to be recorded in the office of the register of deeds of Billings County, North Dakota. On May 27, 1977, Taurus mailed to the register of deeds of Billings County, notice declaring that the lease in question had not been forfeited and was in full force and effect. This notice was received by the register of deeds, but there is no evidence in the record as to the date it was received.

Taurus subsequently instituted an action in the Billings County District Court to quiet title to establish the validity of its oil and gas lease. In answer, among other things, Yourk asserted that Taurus had not complied with the time limitations of Section 47–16–36, N.D.C.C. Yourk then filed a motion for summary judgment which was heard by the Billings County District Court on October 7, 1977. The district court concluded from the facts that Yourk had complied with the provisions of Section 47–16–36, N.D.C.C., and that Taurus did not give notice to the register of deeds within the required time. On that basis, the district court, in a judgment dated October 13, 1977, granted summary judgment in favor of Yourk holding that Taurus had no interest, lien or encumbrance upon the real estate in question.

■ The first issue in this appeal is whether or not Taurus complied with Section 47–16–36, N.D.C.C., by giving its notice to the register of deeds within the required time. The time limit in which the lessee must give its notice to the register of deeds that it disputes the alleged forfeiture of the lease is spelled out in the statute itself.

"The owner of said real property may after twenty days from the date of service, registration, or first publication of said notice, file with the register of deeds of the county where said real property is situated an affidavit . . . If the lessee, his successors or assigns, shall within such twenty days after service, give notice in writing to the register of deeds . . ." § 47–16–36, N.D.C.C.

This time limit is also contained in the statutory form of the notice the lessor must give the lessee. The relevant part of the notice reads:

"I hereby elect to declare and do declare the said lease forfeited and void and that, unless you do, within twenty days from this date, notify the register of deeds . . ." § 47–16–36, N.D.C.C.

the lessee, or his successors or assigns has failed and neglected to comply with the terms of said lease, reciting the facts constituting such failure and that the same has been forfeited and is void, and setting out in said affidavit a copy of the notice served, as above provided and the manner and time of the service thereof. If the lessee, his successors or assigns, shall within such twenty days after service, give notice in writing to the register of deeds of the county where said real property is located that said lease has not been forfeited and that said lessee, his successors or assigns, still claim that said lease is in full force and effect, then the said affidavit shall not be recorded but the register of deeds shall notify the owner of the real property of the action of the lessee, his successors or assigns, and the owner of the real property shall be entitled to the remedies now provided by law for the cancellation of such disputed lease. If the lessee, his successors or assigns, shall not notify the register of deeds, as above provided, then the register of deeds shall record said affidavit, and thereafter the record of the said lease shall not be notice to the public of the existence of said lease or of any interest therein, or rights thereunder, and said record shall not be received in evidence in any court of the state on behalf of the lessee, his successors or assigns, against the lessor, his successors or assigns." Section 47–16–36, N.D.C.C. (Section 47–16–36, N.D.C.C., was amended by S.L.1977, Ch. 430, Section 1). The only change is that the term "affidavit" has been changed to "satisfaction of lease".

Taurus contends that it complied with the time provisions contained in the statute by mailing its notice to the register of deeds on May 27, 1977. It contends that the 20-day-period did not begin to run until it actually received the notice from Yourk on May 7, and that therefore the mailing of the notice on the 27th of May was timely. Yourk, on the other hand, contends that the 20-day-period began on the date the certified letter was mailed. The date of mailing, Yourk contends, is the date of service.

We agree with Yourk that the date of mailing is the date of service. The language of the statute which causes the confusion reads: "The owner of said real property may after twenty days from the date of service, registration, or first publication of said notice, file with the register of deeds . . . .". We construe this language to mean that the lessee has 20 days from the date of personal service, 20 days from the date of mailing of certified or registered mail, or 20 days from the date of first publication of the notice to give its notice to the register of deeds. The word "registration" thus is construed to mean the date of mailing of certified or registered mail. This interpretation of the word registration is in accord with Section 1–02–36, N.D.C.C., which states:

"Wherever the term 'registered mail' appears in the laws of the state of North Dakota it shall mean 'registered or certified mail'."

█ The 20-day-period from the date of service is then computed in the manner prescribed by Section 1–02–15, N.D.C.C. The relevant part of that section reads:

"*Computation of time.*—The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded."

In this case, since the certified letter containing the notice from Yourk to Taurus was mailed on May 5, 1977, excluding the first day as required by Section 1–02–15, N.D.C.C., the 20-day-period expired on May 25, 1977. Taurus' mailing of its notice to the register of deeds on May 27, 1977, therefore, was not within the time required by Section 47–16–36. The district court's holding that Taurus did not give its notice to the register of deeds within the time required by Section 47–16–36, N.D.C.C., is therefore correct.

█ It should be noted that the rules on computation of time contained in the North Dakota Rules of Civil Procedure do not apply to Section 47–16–36, N.D.C.C. That section does not deal with a proceeding in a district court (Rule 1, N.D.R.Civ.P.)[2] or an appeal to a district court (Rule 81(b), N.D.R. Civ.P.).[3] Likewise that section does not provide that the procedure "shall be done in the manner provided by law or as in a civil action" so as to come under Rule 81(c), N.D.R.Civ.P.[4]

█ The second issue raised by Taurus is whether or not Section 47–16–36, N.D.C.C., as applied in this case, is unconstitutional. Taurus claims that it is a violation of due process to allow the lessor to select the mode of service when that selection could vary the number of days in which the lessee has to respond. Taurus argues that if the 20-day-period is computed from the date of mailing as we have so held, then it therefore had less days to respond than if it had been served by personal service.

---

**2.** "These rules govern the procedure in the district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, N.D.R.Civ.P.

**3.** "(b) *Appeals to district courts.* These rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes." Rule 81(b), N.D.R.Civ.P.

**4.** "(c) *Rules incorporated into statutes.* Where any statute heretofore or hereafter enacted, whether or not listed in Table A, provides that any act in a civil proceeding shall be done in the manner provided by law or as in a civil action, such act shall be done in accordance with these rules." Rule 81(c), N.D.R.Civ.P.

It is true that Section 47–16–36, N.D.C.C., does not, like Rule 6(e) of the North Dakota Rules of Civil Procedure, provide for additional time for service when service is by mail.[5] However, that does not mean that the procedure established in the statute deprived Taurus of due process of law in this case. The legislature had the power when enacting Section 47–16–36, N.D.C.C., to set any reasonable period of time as the period in which the lessee would be required to give notice to the register of deeds. Due process does not require that a person have 20 days after receiving · actual notice in which to respond. Had we set the time we may have done it differently, but that is not our prerogative. That we might have done it differently does not make the statute unconstitutional. *See Montana-Dakota Utilities Co. v. Johanneson*, 153 N.W.2d 414, 420 (N.D.1967); *Verry v. Trenbeath*, 148 N.W.2d 567, 571 (N.D.1967).

In this case, Taurus received notice from Yourk on the 7th of May. Taurus had 18 days in which to give the required notice to the register of deeds to comply with the statute. We cannot say that period is not a reasonable amount of time in which to comply with the provisions of Section 47–16–36, N.D.C.C. It is our view, therefore, that Taurus was not deprived of due process of law by the application of the statute in this case. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); *Wick v. Chelan Electric Co.*, 280 U.S. 108, 50 S.Ct. 41, 74 L.Ed. 212 (1929); *Bellingham Bay & B. C. R. Co. v. City of New Whatcom.*, 172 U.S. 314, 318, 19 S.Ct. 205, 206, 43 L.Ed. 460, 462 (1899).

In so holding, we are not saying that a lessee could never be deprived of due process by the application of the statute. That issue we leave to another occasion.

■ The final issue raised by Taurus in this appeal is whether or not a judicial determination that the lease is terminated or forfeited is a prerequisite for proceeding under Section 47–16–36, N.D.C.C. It contends that only a determination by a trier-of-fact, that the underlying fact causing the termination is true, can give the lessor the right to invoke the statute and clear his title. In support of this contention, Taurus cites *Christiansen v. Virginia Drilling Co.*, 170 Kan. 355, 226 P.2d 263 (1951). In that case, the Kansas Supreme Court was dealing with a statute very similar to Section 47–16–36, N.D.C.C. The majority opinion in that case held that:

"The legislature in enacting G.S.1935, 55–201 did not intend to endow the lessor of an oil and gas lease with the power to arbitrarily forfeit a lease in whole or in part for violation of an implied covenant therein." 170 Kan. at 363, 226 P.2d at 268.

Two justices dissented to that opinion in these words:

"This brings me to the true purpose of the statute. As I understand it the statute, as a result of various amendments, was enacted in order to provide an inexpensive and prompt method whereby a landowner may clear the cloud on the title to his land as against a lease which *he claims* has become forfeited and that he may obtain such cancellation pursuant to the statute in the event the lessee does not dispute the landowner's claim of forfeiture. . . .

"To hold the statute does not apply to a lease where a dispute exists as to whether it has become forfeited, either by its express terms or otherwise, and that it applies only to a lease which has become forfeited on its face as a matter of law or by judicial decree, emasculates the statute. Obviously if a lease has been cancelled by judicial decree there is no need for the statute. The statute in order to be effective of necessity must include leases relative to which a dispute exists as to whether they have become forfeit-

---

5. "(e) *Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Rule 6(e), N.D.R.Civ.P.

ed." 170 Kan. at 364–365, 226 P.2d at 269.

The case now before us may be distinguishable from *Christiansen* due to the differences in the statute involved and the fact that we are not dealing with a breach of an implied covenant to develop in this case. We find it unnecessary, however, to distinguish the case before us from *Christiansen*, in that we find the reasoning of the dissenting justices more convincing than that of the majority in *Christiansen*.

Section 47–16–36, N.D.C.C., would serve little purpose if a lessor were required to secure a judicial determination that the lease was forfeited or terminated before utilizing the statute. The legislature, in enacting Section 47–16–36, N.D.C.C., attempted to establish a simple method in which landowners could remove a cloud from their title without the necessity of going into court. If the lessee disputes the termination or forfeiture of the lease, the lessee may force the lessor to secure a judicial determination of the issue by giving notice to the register of deeds within the required time.

The judgment of the district court is therefore affirmed.

VOGEL, PAULSON and SAND, JJ., concur.

PEDERSON, Justice, concurring specially.

Summary judgment is technically the appropriate remedy under the facts of this case as governed by § 47–16–36, NDCC. I feel obligated, however, to point out the potential for injustice when the Legislature forecloses the opportunity of the courts to relieve technical defaults.

Considering the posture of this case, the statute prohibits us from evaluating whether Taurus has a meritorious defense to the claim of failure of consideration. We said in *State v. Haakenson*, 213 N.W.2d 394 (N.D.1973), that traps for the unwary on the road to the courthouse should be eliminated. It may not be correct in this case to call the 20-day limitation on responses a

trap, anymore than calling all statutes of limitations traps. To the unwary, they are traps. Only the Legislature can make the correction which Taurus expects us to make.

It is not necessary that § 47–16–36, NDCC, be invalidated. There is merit in providing landowners the protection afforded by this statute, especially when they are "actively solicited and canvassed" by shrewd "entrepreneurs." See *Reiss v. Rummel*, 232 N.W.2d 40, 43 (N.D.1975). But, as in the case of actions to quiet title, there is room for an escape hatch to prevent unconscionable results. Section 32–17–13, NDCC, permits, on such terms as are just, defenses to be heard even though there has been a default.

If Yourk had proceeded to clear his title under Chapter 32–17, NDCC, Taurus could be relieved of its default and could then claim the benefit of a presumption of consideration. Section 31–11–03, NDCC. Here, it cannot. Taurus could have shown whether consideration was, in fact, paid. Here, it cannot. Taurus could have shown whether this was an "arms length" dealing, and what the customs and usages are. Here, it cannot. To afford Taurus the opportunity to be heard should not be interpreted to mean that it would be assured success on any of these defenses. See *Schwartzenberger v. Hunt Trust Estate*, 244 N.W.2d 711 (N.D.1976), where I dissented. Giving Taurus a day in court, however, is more consistent with the appearance of fair play and is more consistent with the traditional stability desirable in real property law. The Legislature should give the matter further consideration and, if nothing else, remove the ambiguity. "Equity abhors forfeitures," (30 C.J.S. Equity § 56a) and courts of justice should not be prevented from granting relief therefrom in proper cases.