Ray Miles POWELL, Plaintiff and Appellant,

v.

Walter HJELLE, as the Highway Commissioner for the State of North Dakota, Defendant and Appellee.

Civ. No. 870041.

Supreme Court of North Dakota.

June 30, 1987.

Bjella, Neff, Rathert, Wahl and Eiken, Williston, for plaintiff and appellant; argued by William E. McKechnie.

Steven F. Lamb, Asst. Atty. Gen., Bismarck, for defendant and appellee.

LEVINE, Justice.

In this appeal from a judgment dismissing his complaint for failure to state a claim upon which relief can be granted, Ray Miles Powell claims that the five-day notice requirement set forth in Section 39–20–05, N.D.C.C., violates his constitutional right to due process of law under the federal and state constitutions. We affirm.

Powell was arrested for driving while under the influence. A chemical test was administered and the arresting officer took possession of Powell's driver's license pur-

suant to Section 39-20-03.1, N.D.C.C. Powell was given a twenty-day temporary operator's permit which contained a notice of hearing provision. The next day, Powell retained an attorney for representation in both the criminal case and the administrative hearing. A letter requesting an administrative hearing was dictated but not mailed within the five-day period set forth in Section 39–20–05, N.D.C.C. Because the letter was postmarked ten days after the date Powell received his temporary operator's permit, the Highway Commissioner denied his request for a hearing.

Powell then filed a complaint seeking an administrative hearing and a temporary driver's license pending a decision on the merits. Powell claims that his due process rights were violated by the Highway Commissioner's refusal to grant him an administrative hearing. The district court concluded that the failure of Powell's attorney to request a hearing within the five-day limitation does not operate to extend the time and dismissed Powell's complaint. Powell appealed.

The sole issue is whether the five-day notice requirement set forth in Section 39–20–05, N.D.C.C., violates due process under the federal and state constitutions.

■■■ A driver's license is a protectable property interest to which the guarantee of procedural due process applies. *Kobilansky v. Liffrig*, 358 N.W.2d 781, 786 (N.D. 1984); *Mackey v. Montrym*, 443 U.S. 1, 12, 99 S.Ct. 2612, 2617, 61 L.Ed.2d 321 (1979). Due process requires notice and a meaningful opportunity for a hearing appropriate to the nature of the case. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 438, 102 S.Ct. 1148, 1159, 71 L.Ed.2d 265 (1982); *State v. Knittel*, 308 N.W.2d 379, 382 (N.D. 1981); *Schmidt v. Thompson*, 347 N.W.2d 315, 323 (N.D.1984). In an administrative context, to determine what process is due, we must consider a number of factors, including the private interest that will be affected by the official action, the potential for governmental error, and the magnitude of the state's interest. *See Kobilansky, supra; Mackey, supra; Mathews v. El-*

*dridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

In this case, Powell does not contend that he did not receive notice of his opportunity for a hearing. Rather, he challenges the time frame in which a request for a hearing must be made. It is clear that the State may erect reasonable procedural requirements for triggering the right to an adjudication. *Logan v. Zimmerman Brush Co.,* 455 U.S. at 438, 102 S.Ct. at 1158, 71 L.Ed.2d at 279 (1982); *See also, Amoco Oil Co. v. Job Service North Dakota,* 311 N.W.2d 558, 563 (N.D.1981); *Taurus Corp. v. Roman Yourk Equity Pure Trust,* 264 N.W.2d 688, 692 (N.D.1978). The State accords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. *Logan, supra.* Thus, the issue is whether the five-day notice requirement is a reasonable procedural requirement.

We are not persuaded that the five-day notice requirement is unreasonable in this case. All that Section 39–20–05, N.D. C.C., requires is that a written request for a hearing be sent to the Highway Commissioner within five days of the date of the issuance of the temporary operator's permit. Powell is not required to go to trial or file allegations within the five-day period. While a longer period or express ameliorating provisions for untimely filings would provide greater access, we cannot say that Powell was deprived of a meaningful opportunity for a hearing. *See Giberson v. Quinn,* 445 A.2d 1007, 1010 (Me.1982). Powell himself demonstrated that he had the ability to meet the five-day limitation. *Cf. Amoco Oil Co., supra.* Accordingly, we hold that Powell's due process rights were not violated in this case.

We affirm the judgment of the district court.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.