Nos. 38,847 and 38,915

W. H. ERNE and MARY M. ERNE, *Appellees* and *Appellants,* v. LUTHER G. BROILES, JAY T. WAGNON, C. L. FITZGERALD, H. A. HILLS and RUTH B. HILLS, *Appellants* and *Appellees.*

(252 P. 2d 612)

*Alvin F. Grauerholz,* of Coffeyville, argued the cause and was on the briefs for the appellants and appellees.

*A. R. Lamb,* of Coffeyville, argued the cause, and *Clement A. Reed,* of Coffeyville, was with him on the briefs for the appellees and appellants.

The opinion of the court was delivered by

THIELE, J.: The present appeals arise in an action for cancellation of an oil and gas lease and for recovery of statutory penalties and attorneys' fees.

In order that the situation may be fully understood, the abstracts and briefs disclose without dispute that on February 4, 1952, the plaintiffs commenced an action against the present defendants Broiles, Wagnon, Fitzgerald, Hills and Hills, and others including one E. B. White, to obtain cancellation of an oil and gas lease, statutory penalties and attorneys' fees, and a decree quieting title. The first five defendants demurred on the ground of misjoinder of causes of action and that demurrer being sustained, on March 17, 1952, plaintiffs filed six amended petitions. Five of them were directed separately against each of the first five named defendants and were for cancellation of the oil and gas leases and for statutory penalties and attorneys' fees. The sixth was against White and others to quiet title. On March 26, 1952, each of the first five defendants filed motions to strike and upon hearing the trial court stated that a journal entry filed did not set forth accurately the ruling made, that the court intended to find only that two causes of action were improperly joined and that plaintiffs should file a separate petition against the first five named defendants jointly and a separate petition against the other defendants, and the plaintiffs were given permission to file an amended petition against the five defendants jointly, the motion to strike being allowed. Plaintiffs then filed their amended petition against the present defendants, and it is this petition on which judgment was ultimately rendered.

The amended petition, in substance, alleged that plaintiffs were the owners of certain described real estate and on November 3,

1950, executed and delivered to the defendant Broiles an oil and gas lease thereon and on dates subsequent thereto Broiles assigned to defendant Wagnon an undivided one-fourth of the working interest in the lease, to defendant Fitzgerald an undivided one-fourth interest, to defendants Hills and Hills an undivided one-eighth interest and to E. B. White an undivided one-eighth interest; that the lease was for a term of five years and provided that if no well be commenced on or before November 3, 1951, the lease should terminate unless the lessee on or before that date should pay a stipulated rental; that no well was commenced, no rental was paid and that the lease expired by its own terms and became null and void. Plaintiffs further alleged that on December 31, 1951, by their attorneys, they sent the five named defendants by registered mail a letter, a copy thereof being pleaded. In substance the letter stated the attorneys had an abstract of title to the real estate which showed the above oil and gas lease, directed attention to the provisions as to commencing a well or paying rentals; that no rentals had been paid and the lease was void; that the abstract showed assignments to each of them and that the purpose of the letter was to demand the release of record of the oil and gas lease. It was further alleged that the defendants failed and refused to release the oil and gas lease; that the lease cast a cloud on plaintiffs' title, was void and should be cancelled by decree of the court and plaintiffs' title quieted against the lease; that the plaintiffs were entitled to recover statutory damages in the sum of $100 from "each of the above-named defendants" with a reasonable fee for preparing and prosecuting the action as provided by G. S. 1949, 55-202.

The defendants filed their motion that the above amended petition be stricken, that plaintiffs' action be dismissed with prejudice, and that plaintiffs be required to pay the costs in the cases previously mentioned, on seven stated grounds: (1) That it appeared from the face of the petition that plaintiffs had failed to join an indispensable party, E. B. White, as a party defendant. (2) That on March 17, 1952, plaintiffs had filed five amended petitions suing each of the defendants, and that defendants' motion to strike had been sustained and each of the cases was closed. (3) That the amended petition sought to recover $100 statutory damage from each defendant while the original petition sought to recover a single sum of $100. (4) That by filing the amended petition, the plaintiffs sought to have the court reconsider its rulings on the motion to

strike directed at the five separate petitions previously stricken. (5) That the amended petition used identical language with that of the five petitions stricken and with that of the original petition (with notation of changes not presently of importance) and should be stricken because the allegations are repetitious. (6) That the plaintiffs' amended petition substantially changed their claim by alleging they were entitled to recover statutory damages in the aggregate sum of $500. (7) That it was not in furtherance of justice to proceed to trial under the amended petition filed April 4, 1952, since each of the defendants had executed releases of the oil and gas lease and recorded them on March 3, 1952, and that the amended petition should be stricken and the cause dismissed with prejudice, at plaintiffs' costs. The defendants also filed a motion that the amended petition be made more definite and certain, which need not be detailed, and a demurrer to the amended petition based on the ground plaintiffs had no legal capacity to maintain the action and that facts sufficient to constitute a cause of action were not stated. At the hearing thereon the trial court denied the motions and overruled the demurrer, and the defendants then elected to stand on their demurrer, and thereafter they filed no answer.

Thereafter the trial of the cause proceeded, and at its conclusion the trial court found the issues in favor of plaintiffs, quieted their title, cancelled the oil and gas lease, fixed the statutory damages at $100 and allowed an attorneys' fee to plaintiffs and adjudged the costs against the defendants.

Plaintiffs filed a motion for a new trial, the substance of which was that they were entitled to recover statutory damages of $100 and attorneys' fees, against each defendant. This motion was denied.

In due time the defendants perfected their appeal from the order of the trial court overruling their demurrer to the amended petition and previous adverse rulings on their motions, and their specification of errors covers those orders and rulings. The plaintiffs perfected their appeal from the judgment allowing a recovery against the defendants collectively of $100 statutory damages instead of $100 against each defendant, from the judgment fixing attorneys' fees, from the ruling on their motion for a new trial and from all adverse rulings, and their specification of errors covers those judgments and rulings.

In view of the fact there are two appeals, in order to avoid confusion with respect to the parties, we shall refer to them as they appeared in the trial court. We shall also refer to the amended petition, of which the defendants complain, as the petition.

Notwithstanding their specification of errors, defendants present only a contention that the petition did not state facts sufficient to constitute a cause of action and their demurrer should have been sustained. They first state that E. B. White, who the petition disclosed was an assignee holding a one-eighth interest in the oil and gas lease, was not joined as a defendant; that cancellation would not be effective unless all six lessees and assignees were joined as defendants and therefore the petition was insufficient. No authority in support of this contention is cited. We shall not delve deeply into the matter nor pause to inquire whether the lease made the obligations of the lessee and his assignees joint or several. If they were joint at common law they are to be construed as joint and several under G. S. 1949, 16-101, and suit may be brought against any one or more of them who was so liable, G. S. 1949, 16-104. Persons severally liable upon the same instrument may all or any of them be included in the same action at the option of the plaintiff (see G. S. 1949, 60-414). The petition was not demurrable on the ground just considered.

Defendants devote the principal part of their brief to contending that the letter of December 31, 1951, demanding release of the oil and gas lease did not conform to G. S. 1949, 55-201, 202 and 206, in that it was not substantially in the form prescribed, did not constitute a demand for a release, did not put the defendants on notice and did not warn them of any proposed action. No authority is cited holding that strict compliance with those sections of the statute is mandatory. We think it not debatable but that the petition alleged conditions in an oil and gas lease which had not been complied with; that the lease had expired; that demand for release had been given and that a period of over twenty days had expired after the demand before the action was commenced. In *Elliott v. Oil Co.*, 106 Kan. 248, 187 Pac. 692, plaintiff brought an action to cancel an oil and gas lease and for statutory damages and attorney's fees. The trial court ordered cancellation but denied judgment for damages and attorney's fees. Both parties appealed. This court reviewed the statutes, which were the same then as now, and in reversing the

judgment as to damages and fees and affirming it as to cancellation, held:

"In an action to obtain cancellation of record of an oil and gas lease, a plaintiff is entitled to attorney's fees and to statutory damages of $100, under section 4994 of the General Statutes of 1915, (G. S. 1949, 55-202) where it was the duty of the holder of the lease to discharge it of record and he failed to do so, if the plaintiff lessor, at least twenty days before beginning the action, made a demand upon the holder of the lease to discharge it of record as provided by section 4995 of the General Statutes of 1915.

"It is not necessary for the lessor of a gas and oil lease to follow the procedure permitted by section 4992 of the General Statutes of 1915 (G. S. 1949, 55-201) to clear his record title of a gas and oil lease before beginning his statutory action (§ 4994) to obtain a judgment cancelling the lease, nor is compliance with that procedure a prerequisite to the allowance of attorney's fees and statutory damages." (Syl. ¶¶ 1, 2.)

The above decision has never been overruled and the rules stated control here. The trial court did not err in its ruling on the demurrer.

Plaintiffs, in support of their appeal, direct attention to the above mentioned statutes and argue that when the lessee of an oil and gas lease has made assignments to two or more persons, a release by one only will not clear the title, and they therefore believe that the statute (G. S. 1949, 55-202) places an obligation on each lessee to release, and if he fails to do so after demand, he is subject to the penalties provided. In support they rely principally on *Newell v. McMillan,* 139 Kan. 94, 30 P. 2d 126. Reference is made to that opinion wherein three appeals were determined and for the facts involved. Briefly stated, five separate leases were involved and it was held the trial court had correctly ruled that the lessors were entitled to statutory damages and attorney's fees with respect to each lease. We have also examined *Thiessen v. Weber,* 128 Kan. 556, 562, 278 Pac. 770, to which our attention is directed.

In our opinion neither of the above cases supports plaintiffs' contention that they are entitled to recover $100 statutory damages and attorney's fees from each of the assignees of the lessee. The provision for statutory damages is in the nature of a penalty and is not to be extended beyond the terms of the statute authorizing recovery. (*Christiansen v. Virginia Drilling Co.,* 170 Kan. 355, 226 P. 2d 263.) The language of the statute is that the owner of the leased premises "may also recover in such action of the lessee, his successors, or assigns, the sum of one hundred dollars as damages

. . . and he may also recover any additional damages that the evidence in the case will warrant . . ." ( G. S. 1949, 55-202). In our opinion the only construction that may be given the language used is that the owner may recover from the lessee and his assigns statutory damages of $100 and any additional damages the evidence warrants and not that he may recover that amount from each lessee and assignee. There is no claim here for "additional damages." What has been said about statutory damages is equally applicable to a claim for attorney's fees as against each lessee individually.

Plaintiffs' contention that the trial court erred in its judgment is not sustained.

The rulings and judgment of the trial court are affirmed.